Oral argument not to exceed 15 minutes per side, and when ready, Mr. Jerriman, for the appellant. Good morning. Good morning. It please this Honorable Court, I would like to reserve three minutes for a rebuttal, Your Honor. All right. It please, Your Honor, K. J. Rahman appearing for the appellant, John Davis, from the Western District of Tennessee, appointed by this Court, pursuant to the Criminal Justice Act. I want to divide my argument this morning into three sections, in which in most cases would be an extension of what is stated in the brief, because the brief, as the Court very well know, a lot of things happen since this particular issue was briefed by the appellant in this case. The Ferguson case came out of this circuit. The Tolliver case was decided by a per curiam, including Judge Donald, just about a week ago. So, considering all that, Your Honor, I want to address also the question of stare decisis, which is going to be the key question as to whether we really have a chance to stand before this Court and argue that the Priddy case was badly decided. And I want to offer my apologies to Judge Clay, who wrote the Priddy case, Your Honor, and also to Judge Donald, who wrote the Tolliver case, Your Honor. I'm going to be arguing that Priddy is bad law and it needs to be reversed. And in support of my argument, I said that I'm going to divide it into three sections. Is your argument in part that this panel should reverse the overruled Priddy case? Yes, absolutely, Your Honor. But we can't do that. Well, I'm going to make a reasonable argument as to why this Court should do that, Your Honor. If the Court wants me to take that issue first, I can do that. That was my last issue after saying what is wrong with Priddy and why it should be reversed, Your Honor. Because stare decisis is not a constitutional doctrine. There is no constitutional principle has given this Court the authority to horizontally decide that the panel's decisions are binding. As the Court very well knows, there is horizontal stare decisis and there is vertical stare decisis. There is no statutory authority given to this Court to decide that the panel's decisions are binding. There is no constitutional authority which is given. There is intra-court horizontal stare decisis, but there is no inter-court stare decisis. Because if there is inter-circuit stare decisis, then the Priddy is already overruled by three decisions, one out of the Fifth Circuit, Herrera v. Montes. We don't get ourselves overruled by other circuits. No, I fully agree, Your Honor. I am jumping on... The seminal case on our bindingness of our own published opinions is Salmi from way back. Yes, I agree. And you are really arguing that we should overturn Salmi because Salmi was wrong. Yes, Your Honor. Well, this is my point. I am not going to necessarily say Salmi was wrong because it is an interpretation of a common law principle that the Court used to establish that one panel decision is binding on the other. But my point is this, Your Honor. If you walk across from Michigan to Illinois, Seventh Circuit explicitly allows a panel to overrule another panel. It is even codified in the Seventh Circuit rule, Rule 40E. And Rule 40E very clearly says that a panel's decision can be... A subsequent panel can... This is Rule 40E. A proposed opinion of a panel overruling another panel or create a conflict shall not be published unless circulated among judges and majority... In effect, the Seventh Circuit has a preemptive en banc procedure. Correct. They say that's perfectly fine for them. They make their rules. We make our rules. Correct, Your Honor. Are you saying again that as a matter of law, this panel should in effect say we ought to be like the Seventh Circuit? Yes, absolutely, Your Honor. I'm going beyond that, Your Honor. What I'm saying is I'm going a step beyond that. I'm saying that this court has got the inherent equitable jurisdiction and duty to make sure that there is progressive development of jurisprudence, especially in view of the fact that in the past 15 years or so, we have seen Apprendi, we have seen Bailey, we have seen Johnson, we have seen a plethora of cases overruling the guidelines, the binding nature of the guidelines, interpreting armed carrier criminal statute, and so many other areas. My point is this, Your Honor. A panel's opinion, if it is wrong, say for example, for argument's sake, due apologies to Judge Clay, assuming that Priti is wrong because three circuits, as I said, the Fifth Circuit and the Eighth Circuit, have taken affirmative opposing views concerning the intent issue because the Tennessee burglary statute has got four elements. The first three, D, which can be used for ACCA purposes. The third element does not require specific intent. And what is generic burglary? Common law definition of generic burglary is unlawful entry into a building to commit an unlawful act. If there is no unlawful entry, if there is no specific intent to enter, it will be like teenagers going to attend a party, invited party, while they were getting out, they steal some silverware from there. Well, under the Priti's interpretation, that is burglary, subject to ACCA enhancement. Because A3 is just entry. It does not require specific intent to violate the law. It does not require specific unlawful entry there. So what I'm saying is if you apply the Mathis principle, this is over-expansive. Priti is badly decided in my view. And how can this court justify a decision of a panel simply by, or rather ignore its duty to the public to allow a panel decision which has been overruled by other circuits? I understand that it's not binding, 5th Circuit, 4th Circuit, and 8th Circuit is not binding on this circuit, but it is highly persuasive. How many times we get to hear en banc cases? In 29, 30 years of my practice before this court, I just argued one en banc case. It is absolutely impossible to get an en banc hearing. So we should have a rule like the 7th Circuit, which is what? Which is built into their local rules, which says that unless a panel can overrule the other panel, nobody asks for an en banc hearing. That becomes the law, and in the published opinion, it has to be stated that this overrules the other panel decision, and none of the judges have asked for en banc hearing. That is the best rule. Why is that the best rule, Your Honor? Because all panels are equal. When this panel says, I'm simply going to follow the other panel, the equality of judges is lost. And if stare decisis is so important, my rhetorical question is, Your Honor, why is it that we don't have stare decisis at the district court level? We only have vertical stare decisis in district court level. District court follows the Court of Appeals. Court of Appeals follows the Supreme Court. Why is there no horizontal stare decisis at the district court level? One district judge does not care about what the other district court does, and it rules on it. The same way, we don't care very much about what Ninth Circuit does, because we don't consider that to be binding. So I would submit to the court that my answer to the question as to whether a panel decision is binding, which would foreclose my argument before this court, is that that panel decision needs to be, that rule in Sally has to be revisited in view of the fact that we need the intellectual contributions and jurisprudential development, progressive development of the law from all panels. And this court should consider looking at the Seventh Circuit rule and allowing a panel to overrule the panel. Otherwise, there will be no progressive development of law. In Priddy, just look at Ferguson. Ferguson case was denied by this court only because of Priddy. Talaver case was denied by this court not on the merits. It's a peculiar decision. It simply said that Priddy is binding. If that is the case, well, I have no standing before this court either, because my case where my client was actually enhanced based on burglary falls in the same category of the Priddy case. Now I want to address another question, which is the most important one. No matter what happens before this court today, I am entitled to a reversal of my case, because modified categorical approach was not followed in my case. There are no Shepard documents. There is nothing why my client was enhanced that nobody knows, because it all went on as stipulation by the former counsel against whom I filed the 2255 and prevailed before the district court. The district court said that that counsel was ineffective, and that counsel's testimony even was not believed by the district court. The district court, however . . . That was with respect to filing the appeal, wasn't it? Well, Your Honor . . . The ineffectiveness was with respect to . . . The ineffective . . . . . . the failure to file . . . The 2255 petition included everything. In fact, even Mathis issue was included, because when the Mathis came, I was just playing . . . It didn't include everything in your petition. What did the judge rule on? Correct, Your Honor. Your Honor is absolutely correct. The judge rule limited the scope of the 2255 petition to allowing the defendant to appeal the case, because that was the key issue. However, let me tell you, Your Honor, when there is an affirmative finding of ineffective assistance of counsel, ineffective assistance is, in fact, a constitutional doctrine. An injured horse, it doesn't matter what leg is injured, whether the front leg or the rear leg, it cannot gallop, it cannot run. So the same way, an ineffective assistance by a counsel is an ineffective assistance. A constitutional doctrine is violated. My client has to go back to the district court and tell the district court exactly how he is subject to ACCA. Where are the Shepard's documents? I am entitled to introduce Shepard's documents. That takes me to my third argument. My third argument is that when my client was arrested and convicted of burglary, Tennessee had a statute. Even today, Tennessee has a statute, but in 2016, the Tennessee Criminal Court of Appeals held the criminal enhancement statute to be unconstitutional. And the statute was modified in 2014. In 2004, there was a statute which says that a defendant who is a criminal gang member has to be sentenced to one level, one grade higher. E, criminal, has to be sentenced as D. D has to be sentenced as C. If that is the case, I... Counsel, would you like to take some time from your rebuttal time to continue your argument since your time is over? I'm just going to wind up very briefly, Your Honor. Just finish this particular point and come back to my... Well, we don't have time for you to go on through your point. If you want to continue, you'll have to take some time from your rebuttal. That'll be fine, Your Honor. I'm just going to make this point and then... How much time do you want to take? Just one minute on this point, Your Honor. And on this point... Okay. You'll have two minutes for rebuttal. Yes. Your Honor... Could you quickly light on for one minute, if you would, please? I'm sorry, Your Honor. These issues take time, of course, to argue. So Your Honor, the point is this. The criminal gang enhancement says that the E felony becomes a D felony. D felony becomes a C felony. C felony becomes an A felony. If the defendant... If the court finds that the defendant is a criminal gang member. So we cannot tell affirmatively that D burglary in Tennessee is a D burglary for all purposes. Because it very well could have been an E burglary. So we simply cannot conclude without Shepard's document. Maybe with Shepard's document, we can. No Shepard's document were introduced in this case, Your Honor. I would submit to the court that that alone entitles the appellant to be... I mean, entitles this case to be remanded back to the district court for the district court to meaningfully look at what he was convicted for and whether that actually is a proper case for modified categorical approach where these extraneous documents can be considered by the court, Your Honor. I'll come back on my rebuttal with the... Thank you very much. Thank you, Judge. Good morning. Good morning. And may it please the court, my name is Lauren Delery for the United States. This appeal turns on whether a Tennessee conviction for burglary of a building is an ACC predicate offense. And as the appellant has recognized, this court has already decided that question in pretty. And as he also recognizes, this court has precedent that such a decision is binding on other panels of the court. The trial court did not commit plain error in sentencing Mr. Davis as an armed career criminal because Tennessee burglary of a building is an ACCA predicate offense and the gang enhancement statute doesn't change that analysis even if the court were inclined to reconsider the pretty decision. Ms. Delery, even though it may not apply to Mr. Davis, isn't the point made by Mr. J. Rahman on the gang enhancement, isn't that problematic in that pretty quite explicitly denotes that distinguishing between the various classes, class E and class C felonies is how we determine whether a Tennessee burglary is an ACC predicate offense and he says without Shepard documents you can't do that, so isn't that problematic even under this situation? For two reasons, Your Honor, no. First is the pretty court didn't say that the class of offense is the only way. They said that's the easier way to determine whether the burglary of a building is different from burglary of an automobile or motor vehicle. The pretty court looked under the modified categorical approach and considered each element, each separate variant of Tennessee burglary and compared the definitions to the definition of generic burglary. So even if there was a change, even if the gang enhancement statute might make a change, that doesn't change the definition of burglary under the Tennessee burglary statute. The pretty court looked at each separate, there are four variants of burglary in the Tennessee burglary statute. The first would be entry into a building with the intent to commit felony or theft and the court has found that that corresponds to generic burglary, the entry into type. The second is remaining concealed in a building with the intent to commit a theft or a felony and that's the remaining in type. The court has looked at the definitions and found definitionally that this is the remaining in type of generic burglary. The third is entry into a building and then commission of a felony or theft and that also is a remaining in generic burglary. The fourth is entering into a motor vehicle and the court has found that that is not definitionally a generic burglary. So for that reason, the court can decide regardless of the class of felony, can look at the definitions and apply the modified categorical approach and still determine the different classes of felony as set forth by the Tennessee statute. The second reason, so why is it that we know that this crime was in one of the first three rather than in the fourth category? The court will know this for two reasons. First, Mr. Davis admitted during the sentencing hearing and in his position paper that he was convicted of burglary of a building. So that clearly shows that he was within one of the first three variants of burglary. And the second, I had filed a motion for judicial notice to look at the Shepard documents and if the court would grant that motion and review the Shepard documents, the court would see that Mr. Davis was charged with unlawfully entering a building, custom wheels and details other than a habitation which was not open to the public with the intent to commit theft. That is a generic burglary of the first variant. That was in the charge. Usually in these circumstances, we look not to the charge but what he pled guilty to. In the plea documents, does he say that it was a building? In the judgment, the judgment lists the offense as burglary colon building, circles the offense level as a D felony. And how does the ineffective assistance of counsel affect the reliance on the guilty plea and those other factors that we have to take into account today? The district court very clearly limited the ineffective assistance of counsel to the counsel's failure to file an appeal, this appeal. The district court did not find that counsel was ineffective in any other way. And to find that she would be ineffective throughout the entire representation because of one act, her failure to file an appeal. And to file this appeal, but the filing of this appeal obviously goes back to those underlying facts that necessitated the appeal. At the time that the trial counsel admitted to Mr. Davis's conviction for burglary of a building, burglary of a building was an ACCA predicate offense. She wasn't ineffective in admitting that. She wasn't ineffective in failing to challenge that it was an offense. And it was an ACCA predicate offense. So there's no ineffectiveness in her recognizing that and in her advising her client of that fact ahead of time. Since this is a direct criminal appeal, they could raise that as ineffective assistance on a 2255, couldn't they, later on? It was raised as an addendum to the original 2255, I believe, Your Honor. And also, yes, probably they can raise it again. The district court allowed this appeal. But what we have before us is the direct criminal appeal. The direct criminal appeal, yes. So there could potentially be a second or successive 2255. However, the district court already ruled on that and found that the conviction is an ACCA predicate offense. So for the defendant to do that again would be futile. The district court has already ruled on that. And this court has already found in Purdy that it is an ACCA predicate offense. From what you said, it sounded like you said the district judge had ruled against any ineffective assistance at trial level, but I thought the district court had simply not reached that. It said you can go ahead and do your appeal and that was all she said. Is that wrong? No. I'm sorry, Your Honor. You are correct and I was apparently confused as to the question. The judge did not rule on ineffectiveness for anything other than failure to file the appeal. However, the judge did rule on a 2255 motion that considered these same issues, that considered whether burglary of a building is an ACCA predicate offense. The appellant argues that the gang enhancement statute would change the analysis of Purdy, would change the analysis of whether the first three variants of burglary are ACCA predicate offenses because there's the possibility that the offense level would change, that the felony would change from an E to a D felony. But he recognizes that with a Shepard document, the court would be able to tell. So even if the gang enhancement applied, the court would know the gang enhancement applied and the court would know which variant of burglary the defendant had been convicted of. The gang enhancement statute requires that the jury has to separately consider whether or not gang enhancement applies. So in the Shepard documents, in the conviction, in the indictment, that has to be presented to the jury and the jury has to make a separate finding. So this isn't an invisible gang enhancement. There's no potential for confusion of the court as to which specific variant of burglary a defendant has been convicted of because the court would know. The court would know that the gang enhancement applies and would still be able to tell a D burglary from an E burglary because it would be a D burglary with the enhancement. So there's no chance of confusion. There's no danger that the court would not know which... When you say the court, you mean the federal sentencing court or you mean the state court? The federal sentencing court would be aware of which variant of burglary the defendant had been convicted of in the state court. The reason I ask that was when we talk about Shepard documents, and maybe I'm not the expert on Tennessee criminal law, but here it sounds almost like, I guess I would call it a negative Shepard document. Usually we think of Shepard documents where the prosecution introduces them in order to be sure that we know what's happening. Here it almost sounds like the other side wants you, in every case, to have to negate a gang enhancement just because it might occasionally apply. And you're saying here that the federal sentencing court would always know because it would appear on the record? Yes. The federal sentencing court would always know because it would appear on the record. There are two state cases that I call a negative Shepard document because your adversary has a loophole that he might want to use, but normally it would be his burden to bring it in, not your burden to affirmatively negate it. That is, it never says, and there is no gang enhancement. The judge would just look at it and see that there's not a gang enhancement. In the judgment form in the state court, there is a section where if there is a gang enhancement, it has to be checked. So any Shepard document would show whether that gang enhancement was checked or not checked. I was bringing up two state court cases which were not cited in the brief. One is State v. Armstrong, 2017 Westlaw 2875718 of the Tennessee Criminal Appellate Court, which finds that a defendant can't be subjected to the gang enhancement unless the indictment specifically charged him under the statute. You would see that gang enhancement in the charging document. And in State v. Byers, 2017 Westlaw 758517 at Star 18, the Tennessee Criminal Appellate Court suggests that the judgment has to reference the gang enhancement. So in two Shepard documents, you would see that gang enhancement. The sentencing court would see that gang enhancement. So there's no chance that the gang enhancement would change the nature of the criminal offense. It wouldn't change burglary of a car into burglary of a building. And there's no chance that the sentencing court would not know that. If a gang enhancement was applied, then the court would know that. The sentencing court would know that through the Shepard documents. If the court has no further questions, I would submit. Very good. There seem to be no further questions. Thank you. May it please Your Honor, I want to take the last issue, which the counsel for the government just addressed before the court, that there will be these documents for the trial court to consider. Not so in this case. If the court looks at the trial, sorry, the sentencing transcript, which I made part of the record, there is no document introduced if I recall correctly. So there may be documents that exist. Well, there are plea colloquy which exists. There is a court reporter that I can subpoena. There is a lawyer who represented my client I can subpoena. I can do a number of things if the government brings some document. But the fact of the situation here is, no such documents existed because of the stipulation by this trial counsel who said, my client is subject to ACCA. I mean, it is not even, there is nothing, it is a straight case of waiver. As Judge Clay correctly wrote in the pretty case, it was a straight case of waiver. But in this case, we preserved it in the plea agreement. It said, my client is subject to ACCA. The trial court does not have to go beyond that. You preserved it in the plea. I thought there was an appellate waiver in the plea agreement also. Correct, Your Honor. But also we reserved in the plea that if there is ineffective assistance of counsel, we can appeal. So it works in two ways. That cannot be used against us because we preserved that in the plea agreement. And in this case, the court affirmatively found that there is ineffective assistance of counsel. So either the waiver nor the forfeiture applies in my case. I didn't specifically address that in my brief because that was not, I mean, in my argument, because that was not raised by the government. So I thought that issue is not really germane to our conversation here, Your Honor. Now, I want to talk about the request filed by the government for taking judicial notice. I did file a response, and that response makes it very clear that record cannot be supplemented at this point because the Sixth Circuit does not have the authority to do that. In very rare cases, I have seen it happen. I think in two cases I am aware in Rich of habeas corpus cases involving death penalty, the court has, I believe, admitted the mental condition of the defendant. Otherwise, in the rarest of the rare cases, the court has got the inherent equitable authority. I'm not questioning that. However, that is not this case where you can simply say we forgot. This is not part of the district court record. Here it is, take judicial notice. Under the rules of evidence, a record of state conviction is not something which the court can take judicial notice anyway because especially Shepard document, I'm entitled to contest every single Shepard document which the counsel for the government brings in there. When she says that there are Shepard documents which establish the conviction, I am entitled to question that. I'm entitled to contest that. It didn't happen in the district court. That's the reason why I said … Entitled to contest what they mean or what they say. Where the D comes from. What exactly is that D conviction, whether it is under A1, A2, or A3.  The document says what it says. Correct, Your Honor. Normally we can take judicial notice of documents in the lower court record. No, Your Honor. In a situation where the sentencing is there, I am entitled to, if the court simply takes judicial notice of a conviction, then that deprives me of the ability to contest it. I would never concede a judicial notice of a conviction from a state court. I will never do that. Because it has to be admitted. It has to be properly brought in and then admitted. Then I am entitled to question that. None of that happened here. Counsel, I'm afraid you're out of time. I'm sorry, Your Honor. Again, it's a great pleasure and privilege to appear before this court. Thank you very much. I noticed you had taken this case on the CJA, the Criminal Justice Act, as a way of assisting our court and system of justice. We certainly would like to thank you for that. Absolutely, Your Honor. The case is submitted. Thank you, Judge. Thank you very much. When the table is clear, the next case may be called. Thank you.